930 F.2d 23
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
RUBY-COLLINS, INCORPORATED, Plaintiff-Appellant,
v.
CITY OF CHARLOTTE, Defendant-Appellee.
 No. 90-2150.
 United States Court of Appeals, Fourth Circuit.
 Argued Feb. 6, 1991.
Decided April 9, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (CA-89-287-C-C-P)
 David H. Flint, Schreeder, Wheeler & Flint, Atlanta, Ga., (argued), for appellant. Lynn C. Stewart, Schreeder, Wheeler & Flint, Atlanta, Ga., on brief.
 Howard Michael Boyd, City Attorney's Office, Charlotte, N.Ca., for appellee.
 W.D.N.C., 740 F.Supp. 1159.
 AFFIRMED.
 Before ERVIN, Chief Judge, SPROUSE, Circuit Judge, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Ruby-Collins, Inc., a general contractor, appeals the district court's grant of summary judgment in favor of the City of Charlotte, North Carolina, in the former's action for equitable modification of a construction contract. Ruby-Collins asked for an equitable adjustment to the contract price in the amount of approximately $1.5 million for its additional costs in constructing and installing a water main through the streets of downtown Charlotte. The extra costs resulted from a necessary deviation from its construction plans, including substitution of soil for the excavated soil that was too wet to be immediately backfilled into the ditch. We affirm.
 
 
 2
 In June 1986, the City of Charlotte awarded a water main project consisting of three distinct segments to Ruby-Collins for construction and installation of a 54-inch water main through the streets of downtown Charlotte for the Charlotte-Mecklenburg Utility Department. The contract required the company to excavate a trench for the pipeline, lay the pipeline and fill in the trench. It specified that the pipe be encapsulated by at least one foot of stone and covered by six to eight feet of backfill.
 
 
 3
 A soil report[1] prepared on behalf of the City was available to bidders before award of the contract. According to the report, the groundwater was below the top 6 to 8 feet of dirt from which the common trench backfill would be taken. Ruby-Collins looked at the report prepared for the City and also performed a pre-bid site investigation along the pipeline route,[2] consisting of visual inspection of the route and sample borings.
 
 
 4
 In August 1986, soon after construction began, RubyCollins discovered that the soil was too wet for immediate backfilling of the trench. The City indicates that there was much rainfall during construction, but Ruby-Collins attributes the wet condition to leaking utility facilities, leaking water and sewer lines, clogged storm drains, and cracked pavement. In any event, the condition of the dirt did not allow Ruby-Collins to use a contemplated construction technique called "cut and cover." By that method, the contractor removes dirt from the trench with an excavator, loads it onto a conveyor to be moved back several yards to where a bulldozer covers up the newly laid pipe with the dirt. Here, however, the dirt was too wet to accommodate this technique and Ruby-Collins, using additional men and equipment, either crosshauled the removed soil and stored it until dry or disposed of the wet soil and obtained additional soil as backfill.
 
 
 5
 After the City refused its requests for additional compensation, Ruby-Collins brought this diversity action in July 1989.[3] The City moved for summary judgment on the grounds that the contract required the company to perform all backfill work, and that no circumstances justified additional payment for extra work under the contract.
 
 
 6
 In granting summary judgment, the district court found that the contract unambiguously placed the risk of the encountered events on Ruby-Collins and that no changed conditions existed. In a well-written opinion, the district court found that the contract obliged Ruby-Collins to provide the materials for completion of the project and the backfill dirt from whatever source it chose. In distinguishing the cases cited by Ruby-Collins which had approved payment for extra work, the court explained that the contract in the case sub judice, unlike those in the cited cases, contains no extra work clause. Additionally, the court found that the contract clearly contemplated the condition of the soil as a factor that Ruby-Collins was to consider when submitting its bid. It noted that Ruby-Collins had not alleged mutual mistake but merely that its bid was based on its reasonable belief that the soil was adequate. The district court found it unnecessary to consider either Ruby-Collins' motion to amend its complaint or the City's motion to amend its answer.
 
 
 7
 We affirm based on the district court's opinion.
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 The City maintains that the report expressly represents that it was based upon a visual inspection of the general subsurface conditions and was not a part of the contract documents. The report was also provided with the limitation that the bidder uses it at his own risk
 
 
 [2]
 The City claims that contract provisions provide that the company must in preparation of its bid conduct its own site investigation
 
 
 [3]
 Ruby-Collins is a Kentucky corporation whose principal place of business is located in Atlanta, Georgia